Cheshire,
No. 5892.

Eva C. Deschenes & *a.*

*v.*

Estate of Amedee M. Deschenes.

Argued March 4, 1969.
Decided June 3, 1969.

*Blodgett & Makechnie (Mr. Maurice M. Blodgett* orally), for Eva C. Deschenes.

*William D. Tribble* (by brief and orally), for Amedee C. Deschenes.

GRIFFITH, J. These are appeals from the decree of the Trial Court (*Loughlin*, J.) affirming a decree of the probate court on the final account of Eva C. Deschenes, administratrix of the estate of Amedee M. Deschenes. Eva C. Deschenes, the administratrix, contests that portion of the decree that charges her with 6% interest on the distributive shares of the heirs-at-law from October 13, 1961. Amedee C. Deschenes contests the allowance to the administratrix, Eva C. Deschenes, of $100 per week for the 308 weeks that she operated the decedent's business following his death.

Amedee M. Deschenes died intestate on October 4, 1960. He was survived by his widow, Eva C. Deschenes, and three children, Amedee C. Deschenes, Eunice Schmaltz and Phyllis Houde. Amedee C. Deschenes is a paralytic presently living with his wife in Arizona. Phyllis Houde has deceased since the death of her father and is survived by a daughter who is of age. Counsel appeared representing Eunice Schmaltz and the estate of Phyllis Houde and participated in the hearing in the Superior Court but have not joined in the appeal to this court. In the Superior Court the position of counsel representing the interests of Eunice Schmaltz and the estate of Phyllis Houde was in accord with that of Eva C. Deschenes, widow and administratrix.

Eva C. Deschenes was the sole witness at the Superior Court hearing. She had been appointed administratrix of the estate on petition of all parties on October 13, 1960 and testified that all of the children, including Amedee C. Deschenes, agreed that she should continue to operate the fuel oil business owned by the decedent as she had for some years prior to his death. No application was made to the probate court for authority to operate the business under RSA 553:30.

Six accounts of her administration were filed by Eva C. Deschenes between 1962 and 1967. Each of them included a report on the operation of the business and each of them showed a profit after payment of expenses except the third account filed May 18, 1964 which showed a loss of $1,857.57. The expenses listed in these accounts do not include the $100 per week allowed retroactively in the probate decree affirmed by the Trial Court. The addition of this expense would result in a total loss of some

$16,000 as opposed to $13,948.78 total profit shown in the accounts as filed. It appears that certain items of depreciation disallowed by the probate court would decrease the loss and increase the profits indicated by the accounts as filed.

No distribution to the heirs has ever been made by the administratrix. In 1965 Amedee C. Deschenes petitioned the probate court to obtain distribution of his share. Subsequent to the filing of the petition for distribution the probate court ordered an appraisal of the business. It was appraised for $11,343.37 in August of 1966 and sold at public auction in September of the same year for $1,500 in a transaction that resulted in its being acquired by the administratrix in her individual capacity. The administratrix during this period also made an abortive attempt to have herself appointed guardian of Amedee C. Deschenes and included in her sixth account the expenses of this undertaking. The balance in the sixth account as filed by the administratrix was in the amount of $47,489.99. The probate court amended this in items acquiesced in by the administratrix to show a balance of $70,259.94 but reduced this by an allowance at the time of the hearing of $30,800 additional compensation to the administratrix resulting in a final balance of $39,959.94.

The Trial Court apparently accepted as did the probate court the uncontradicted testimony of the administratrix that all of the heirs agreed that she should continue to operate the family business. Informal agreements between the heirs to an estate relating to the administration of an estate or the settlement of the account have always been recognized by our courts. *Bernard* v. *Bernard,* 108 N. H. 360, 363; *Clarke* v. *Clay,* 31 N. H. 393, 401. It follows, therefore, that the heirs may not complain about the failure of the administratrix to follow the provisions of RSA 553:30 and that for the purposes of this case the administratrix is in the same position for the first year as if she had obtained permission to operate the business from the probate court.

In the absence of permission either from the heirs or the probate court operation of a business by an administratrix would be at her peril. She would be personally liable for losses and chargeable with all profits. Bogert, Trusts & Trustees (2d ed.) s. 577; Annot. 58 A.L.R. 2d 365; 21 Am. Jur., Executors and Administrators, s. 255. Nothing in the permission given to

operate by the heirs in this case appears to give her greater rights than she would have had under permission granted under RSA 553:30. This statute requires annual accounting and limits permission to one year at a time. It was enacted to bring the operation of a decedent's business by his personal representative under judicial control and restricted such operation to protect the rights of persons interested in the estate. N. H. Judicial Council, 1st Report (1946) 18.

The allowance by the court of $100 weekly to the administratrix retroactively for the entire 308 weeks the business was operated defeated the purpose of the annual accounting. The annual accounting contemplated by RSA 553:30 was intended to inform the heirs whether the business was operating at a profit or loss. Even if the original consent of the heirs was considered a continuing consent, unlike the statute which is limited to one year, the heirs should have an opportunity to reconsider such consent in the light of true results shown by the accounting. The allowance of $30,800 to the administratrix for operating the business of the decedant is set aside.

The Trial Court had presented to it only limited information on the other amendments to the final account of the administratrix. Whether or not the amendments resulting in the initial increased balance charged by the probate court entered into the probate court's final decree does not appear. Both the Trial Court and this court were required to decide the issues in this case with meagre evidence. The testimony of the administratrix, who was the only witness, gives no clue as to any reason why it was necessary to operate the business for over six years and no reason for her failure to make any distribution except her dislike of the son's wife. On this evidence the Trial Court may make such allowance to the administratrix for her conduct of the oil business as appears equitable. This may be a reasonable weekly amount for services for the first year of operation. In the alternative the Court may allow a reasonable percentage of the $13,948.78 total profit for the entire period. Whether there should be a new trial of this issue or the decision is to be made on the present state of the evidence is for the Trial Court to determine.

The administratrix objects to the decree charging her with 6% interest on the distributive shares from one year after the date of her appointment. "The true rule to be applied in charging administrators with interest is well settled. In all cases where

the administrator, without any just reason or excuse, retains the money in his own hands unemployed, when it ought to be paid over, in all cases where he receives interest for money which belongs to the estate and in all cases where he applies money belonging to the estate to his own use, he ought to be charged with interest." *Lund* v. *Lund,* 41 N. H. 355, 359.

In the present case there was ample evidence to support the decree of the Court with respect to interest. No reason appears for the failure of the administratrix to make even a partial distribution in the over eight years that have elapsed since her appointment. The accounts disclose that all securities had been liquidated and an estate tax paid in excess of $30,000 by the time of her second account. Except for the account of the operation of the business no income is reported after the second account. Under these circumstances the decree of the Court with respect to interest must be sustained.

*Exception of Amedee C. Deschenes sustained;*
*exception of Eva C. Deschenes overruled;*
*remanded.*

LAMPRON, J., did not sit; the others concurred.